### BORRELLI v. MAGALDI.

(Supreme Court, Appellate Term. January 8, 1909.)

COURTS (§ 189*)—MUNICIPAL COURT—AMENDMENT OF JUDGMENT.

    Under Municipal Court Act (Laws 1902, p. 1563, c. 580) § 254, requiring a motion to amend a judgment to be made within five days after judgment, where more than five days had elapsed since the entry of a simple money judgment the court was without jurisdiction to issue an order requiring defendant to show cause why the judgment should not be amended and to enter a new judgment.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Raffaele Borrelli against Emilio Magaldi. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

G. A. C. Barnett, for appellant.

Arthur H. Wadick, for respondent.

GILDERSLEEVE, P. J. This action was brought to foreclose a mechanic's lien in the Municipal Court, and resulted in a simple money judgment in favor of the plaintiff, which was entered on November 15, 1907, and from which the defendant duly appealed. On December 28, 1907, an order was granted by the trial justice requiring the defendant to show cause why the judgment should not be amended by the entry "nunc pro tunc" of a judgment for the foreclosure of a mechanic's lien. This motion was made returnable December 31, 1907, and was granted, and on the same day a new, or so-called amended, judgment was entered in accordance with the moving party's request. From this last judgment an appeal was also taken.

Upon the hearing of the motion the power of the trial justice to make the order asked for was challenged upon the ground that more than five days, to wit, 43 days, had elapsed since the entry of the original judgment; but this provision of the statute (section 254, Municipal Court Act [Laws 1902, p. 1563, c. 580]) was ignored, and the order and a new judgment entered. The trial justice was without

jurisdiction to make the order and judgment appealed from, and they must be reversed. Lissner v. Dochtermann, 49 Misc. Rep. 624, 97 N. Y. Supp. 230.

Judgment and order reversed, with costs to the appellant, and a new trial ordered. All concur.